**Leonard Steve WESTFALL, Plaintiff–Appellant,**

v.

**UNITED STATES DISTRICT COURT, FOR THE TENTH CIRCUIT; State of Colorado; Colorado Compensation Insurance Authority, named as Colorado State Compensation Insurance Authority; Gary Sandblom; Colorado Division of Administrative Hearings, Workers Compensation Section; Colorado Division of Labor, Workers Com-**

pensation Section; Keystone Resort; Travelers Insurance Company; Gilpin County District Court; Jefferson County District Court; State of Colorado; Colorado Department of Revenue; Colorado Attorney General, named as Colorado Attorney Generals Office Attorney Generals Office, ex rel., Defendants–Appellees.

No. 01–1006.

United States Court of Appeals,
Tenth Circuit.

Oct. 10, 2001.

Before HENRY, ANDERSON and BRISCOE, Circuit Judges.

ORDER AND JUDGMENT *

MARY BECK BRISCOE, Circuit Judge.

After examining the briefs and appellate record, this panel has determined unani-mously that oral argument would not ma-terially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Leonard Steve Westfall submit-ted to the district court a pro se pleading entitled "Civil Complaint." After review of the complaint, a magistrate judge en-tered an order on November 6, 2000, di-recting plaintiff to cure certain enumerat-ed deficiencies within thirty days. The order also stated plaintiff had not paid the filing fee or, in the alternative, had not submitted a motion and affidavit to seek leave to proceed in forma pauperis. The order directed the clerk to forward to plaintiff the forms for filing a motion and affidavit to proceed in forma pauperis. The order further warned plaintiff that if he did not cure the enumerated deficien-cies within thirty days, his action would be dismissed without prejudice and without further notice. When the court received no response of any sort, the court dis-missed the complaint on December 15, 2000, without prejudice for failure to cure the deficiencies it had noted.

On appeal, plaintiff contends the court erred in dismissing his complaint. He ar-gues his filings complied with court rules and were in correct form. He further argues since he was suing the court, it should have recused. He also asserts the November 6, 2000, order was unclear be-cause it did not name all of the party-defendants in its caption.

All of plaintiff's arguments are without merit and are belatedly asserted. Plaintiff does not contend he did not receive the court's November 6, 2000, order or that he

---

* This order and judgment is not binding prece-dent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

in fact did respond or comply with the order in any way. If he had conflict of interest concerns or did not understand the order, he should have timely raised those concerns with the district court.

The district court did not abuse its discretion in dismissing plaintiff's complaint without prejudice for failure to comply with the district court's order. Plaintiff's motion for leave to proceed without payment of costs or fees is DENIED.

AFFIRMED. The mandate shall issue forthwith.

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.